**FILED**
**FEBRUARY 15, 2008**
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

**08 C 970**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA DREW,<br><br>      Plaintiff,<br>-vs-<br><br>TUTOGEN MEDICAL, INC.,<br>BIOMEDICAL TISSUE SERVICES, LTD.,<br>ZIMMER DENTAL, INC., and APPTEC, INC.,<br><br>      Defendants. | CIVIL ACTION<br><br>Case No.: _____<br><br>Removal of Civil Action<br>From the Circuit Court of Cook County<br>Case No. 08 L 0090<br>First District, Law Division<br><br>**JUDGE MANNING**<br>**MAGISTRATE JUDGE KEYS** |

### NOTICE OF REMOVAL OF STATE COURT ACTION TO U.S. DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

Defendant, Tutogen Medical (United States) Inc., improperly denominated as Tutogen Medical, Inc., appearing solely for the purpose of filing this Notice and reserving all rights, defenses, exceptions, objections, and claims and without waiver thereof, pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice that this action, Case No. 08 L 000090, pending in the Circuit Court of Cook County, Illinois, County Department, Law Division is hereby removed to the United States District Court for the Northern District of Illinois, and in connection therewith, Tutogen avers as follows:

    1.    Plaintiff, Donna Drew, filed a Complaint on January 4, 2008 in the Circuit Court of Cook County, Illinois, County Department, Law Division. *See* Summons and Complaint attached hereto as Exhibit "A."

    2.    Defendant Tutogen was served with an Alias Summons and Complaint on January 31, 2008 via special process server. *See Id.*

3. In her Complaint, Plaintiff asserted causes of action against Tutogen Medical, Inc. ("Tutogen"), Biomedical Tissue Services, Ltd. ("BTS"), Zimmer Dental, Inc., and Apptec, Inc. alleging that she sustained injuries when bone allograft products that were processed and distributed by the Defendants herein were utilized during a dental procedure and caused Plaintiff to contract Hepatitis C. The two counts directed against Tutogen sound in products liability and negligence. *See Id.*, counts I, II.

4. This is a civil action over which this Court has jurisdiction under the provisions of 28 U.S.C. § 1332, and as such, is one that may be removed to this Court by Defendant Tutogen pursuant to the provisions of 28 U.S.C. § 1441.

5. Specifically, Tutogen pleads that there is complete diversity of citizenship between the Plaintiff and all Defendants, and pursuant to 28 U.S.C. § 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought."

6. Upon information and belief, and upon the very fact that plaintiff selected Cook County, Illinois as her venue for the present state court action and alleged harm as a result of a dental procedure that occurred at the University of Illinois at Chicago Hospital in Cook County, Illinois, Plaintiff is a citizen and resident of Cook County, Illinois. *See Id.*, count I, ¶ 3.

7. Defendant Tutogen is a corporation duly organized under the laws of the State of Florida, with its principal place of business in Alachua, Florida. *See Id.*, count I, ¶ 1.

8. Defendant BTS is a business corporation organized under the laws of the State of New Jersey, with its principal place of business in Fort Lee, New Jersey. *See Id.*, count III, ¶ 1.

2

9. Defendant Zimmer Dental, Inc. is a business corporation organized under the laws of the State of California, with its principal place of business in Carlsbad, California. *See Id.*, Count V, ¶ 1.

10. Defendant Apptec, Inc. is a business corporation organized under the laws of the State of Minnesota, with its principal place of business in St. Paul, Minnesota. *See Id.*, Count VII, ¶ 1.

11. Venue is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Illinois is the federal district and division embracing the Circuit Court of Cook County, Illinois.

12. Plaintiff's Complaint seeks damages in excess of the jurisdictional minimum of the Circuit Court of Cook County, Illinois, County Department, Law Division, and by the very nature of the fact that Plaintiff alleges that she contracted a lethal disease, Hepatitis C, as a direct result of the Defendants' negligence, Plaintiff is also seeking damages in excess of the jurisdictional minimum of this Court pursuant to the provision of 28 U.S.C. § 1332. *See Id.*, count I, ¶ 5.

13. Pursuant to 28 U.S.C. §1446(d), petitioner is filing a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, County Department, Law Division and is simultaneously sending a copy of the Notice to all parties. *See* Written Notice to All Adverse Parties and to the Clerk of the State Court of Notice of Removal attached hereto as Exhibit "B."

14. All the Defendants that have been served with a Summons and Complaint consent to removal. *See* Apptec, Inc. Consent for Removal attached hereto as Exhibit "C;" *see also* Zimmer Dental, Inc. Consent for Removal attached hereto as Exhibit "D." Upon information and belief, at the time of filing this Notice of Removal, effective and proper service of the

3

subject Complaint has not been made upon Defendant BTS in this case and therefore, BTS need not consent to this removal. *See, e.g., Davis v. Averitt Express, Inc.*, 2006 U.S. Dist. LEXIS 94347 at 6 (N.D. Ill. 2006)(named defendants not yet served in the state action need not join the Notice of Removal).

15. The records from the Clerk of the Circuit Court of Cook County, Illinois, County Department, Law Division show that there has been no proof of service of the Summons and Complaint filed with the Clerk as to Defendant BTS as of the filing of this Notice. *See* Case Information Summary for Case Number 2008-L-000090 attached hereto as Exhibit "E."

16. Furthermore, this Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after the date when the first named Defendant was served with a copy of the Summons and Complaint in this case. Apptec, Inc. was served with this Summons and Complaint on January 17, 2008. *See* Exhibit C. Zimmer Dental, Inc. was served with this Summons and Complaint on January 21, 2008. *See* Exhibit D. Tutogen was served with this Summons and Complaint on January 31, 2008. *See* Exhibit A. As stated above, BTS has not yet been served.

17. Pursuant to 28 U.S.C. § 1446(a), Tutogen has attached a copy of all "process, pleadings and orders" that have been served upon it. *See* Index of state court pleadings attached hereto as Exhibit "F."

18. Tutogen reserves the right to submit evidence supporting this Notice of Removal should Plaintiff move to remand.

WHEREFORE, Tutogen prays that the above-styled action currently pending in the Circuit Court of Cook County, Illinois, County Department, Law Division be removed to this Court.

Respectfully submitted this 15th Day of February, 2008.

/s/ Spyridon J. Demakis
Spyridon J. Demakis (ARDC: 6215959)
CUNNINGHAM, MEYER & VEDRINE, P.C.
111 West Washington Street, Suite 937
Chicago, Illinois 60606
(312) 578-0049
*Local Counsel for Defendant, Tutogen Medical (United States), Inc.*