IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DONNA DREW

    Plaintiff

      V.

TUTOGEN MEDICAL, INC., BIOMEDICAL
TISSUE SERVICES, LTD., ZIMMER DENTAL
INC., and APPTEC, INC.

    Defendants.

No: 08 L 000090

A TRUE COPY
SADIE DARNELL, SHERIFF
ALACHUA COUNTY, FLORIDA
Served at 7.40 on the 31 Day
of Jan , 20 08
BY _____ DS1
As Deputy Sheriff

**ALIAS SUMMONS**

received
1-31-08

Please Serve: **SEE ATTACHED SERVICE LIST**

To each defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay required fee, in the office of the Clerk of this Court at the following location: **Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602**

You must file within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

JAN 2 5 2008

WITNESS,_____

DOROTHY BROWN
CLERK OF CIRCUIT COURT

SEAL

Name: McNamara & Austin, P.C.      **Circuit Court Clerk**
Attorney for Plaintiff
Address: 25 E. Washington Street Suite 1501    Date of Service_____
City/Zip: Chicago, IL 60602
Telephone: 312-201-8850
ID: 38203



EXHIBIT
A

## SERVICE LIST

TUTOGEN MEDICAL INC.
13709 Progress Boulevard
South Wing
Alachua, FL 32615

APPTEC, INC.
2540 Executive Drive
St. Paul, MN 55120

BIOMEDICAL TISSUE SERVICES, LTD.
2125 Center Avenue, Suite 300
Fort Lee, NJ 07024-5874

ZIMMER DENTAL, INC.
1900 Aston Avenue
Carlsbad, CA 92008

I.D. 38203

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

DONNA DREW,                                                )
                                                           )
       Plaintiff,                                      )
                                                           )
    v.                                                     )    No.
                                                           )
TUTOGEN MEDICAL INC., a foreign corporation,               )
and BIOMEDICAL TISSUE SERVICES, LTD., a                     )
foreign corporation, ZIMMER DENTAL, INC. a                 )
foreign corporation, and APPTEC, INC., a foreign           )
corporation,                                               )
                                                           )
       Defendants.                                     )

2008L000090
CALENDAR/ROOM A
TIME 00:00
Product Liability

**COMPLAINT AT LAW
COUNT I**

NOW COMES, the Plaintiff, DONNA DREW, by her attorneys, NEVILLE &

MAHONEY, and McNAMARA & AUSTIN, P.C., and complaining of the Defendant,

TUTOGEN MEDICAL INC., states as follows:

    1.     On and before January 9, 2006, defendant, TUTOGEN MEDICAL INC, was a

foreign corporation with its principal place of business located in Alachua, Florida.

    2.     On and prior to the aforesaid date, TUTOGEN MEDICAL INC., was duly

registered and licensed to do business in the County of Cook, State of Illinois, and was engaged

in the business of manufacturing and selling  biological implant products and did manufacture

and sell certain Bone Allograft products, in the County of Cook, State of Illinois.

    3.     On and prior to the aforesaid date, DONNA DREW, was a patient of the

University of Illinois at Chicago under the care of Dr. Paul Jang who performed various dental

implant procedures utilizing the aforementioned Bone Allograft products.

4.      On January 9, 2006, a correspondence directed to plaintiff, DONNA DREW, from the University of Illinois advised plaintiff, DONNA DREW, that the aforementioned Bone Allograft products had been recalled, and that plaintiff, DONNA DREW, should undergo medical testing regarding the Bone Allograft products that had been implanted in her.

5.      Thereafter plaintiff, DONNA DREW, underwent medical testing which resulted in a diagnosis of hepatitis C.

6.      On and before the aforesaid date, defendant, TUTOGEN MEDICAL INC., had a duty to design, manufacture, distribute and sell the Bone Allograft products so that they were neither defective, nor unreasonably dangerous when put to the use for which they were designed, manufactured, distributed and sold.

7.      At the time the Bone Allograft products left the possession of defendant, TUTOGEN MEDICAL INC., and at the time the Bone Allograft products entered the stream of commerce, the Bone Allograft products were in an unreasonably dangerous and defective condition.  These defects included, but were not limited to one or more of the following:

a)      failed to include adequate and sufficient instructions and warnings to foreseeable users including the plaintiff, that said Bone Allograft products could be contaminated;

b)      inadequate design and manufacture of the Bone Allograft products so as to allow the products to become contaminated;

c)      inadequate testing of the Bone Allograft products so as to insure the products were not contaminated.

8.      As a direct and proximate result of one or more of the aforesaid wrongful acts or

I.D. 38203

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DONNA DREW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| TUTOGEN MEDICAL INC., a foreign corporation, | ) | |
| and BIOMEDICAL TISSUE SERVICES, a | ) | |
| foreign corporation, ZIMMER DENTAL, INC. a | ) | |
| foreign corporation, and APPTEC, INC., a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT

1.    I, KEVIN J.. MCNAMARA, attorney with the law firm of McNamara & Austin,

P.C., am duly licensed to practice law in the State of Illinois.

2.    I have reviewed the facts of this case and the damages resulting from the

aforementioned injury.

3.    Upon review I have concluded that the plaintiff has a meritorious claim for

damages in an amount in excess of $50,000.00.

KEVIN J.  MCNAMARA
Attorney for Plaintiff

SUBSCRIBED AND SWORN to
before me this 3rd
day of January , 2008.

Notary Public

OFFICIAL SEAL
EDWARD J AUSTIN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/27/10

in a diagnosis of hepatitis C.

6.      On and before the aforesaid date, defendant, APPTEC, INC., had a duty to exercise due care in the testing of the Bone Allograft Products so that they would be reasonably safe for their intended use.

7.      Defendant knew or had reason to know that plaintiff, DONNA DREW, as a member of the general public, as well as her treating physicians, for whose use the Bone Allograft products were placed into interstate commerce, would be likely to use the Bone Allograft products in the manner described in this Complaint.

8.      Defendant knew or reasonably should have known of the danger associated with the manner and circumstances of plaintiff, DONNA DREW, and her treating physicians foreseeable use of the Bone Allograft products which danger would be obvious to the general public.

9.      That notwithstanding the aforesaid duty, defendant, APPTEC, INC., negligently and carelessly committed one or more of the following acts or omissions.

a)      negligently and carelessly failed to adequately and sufficiently warn and instruct plaintiff of the nature and type of aforesaid defective condition;

b)      negligently failed to test the Bone Allograft product for the presence of hepatitis C.

c)      negligently and carelessly tested the Bone Allograft products.

10.     As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions, the plaintiff, DONNA DREW, sustained injuries of a personal and pecuniary nature.

WHEREFORE, the plaintiff, DONNA DREW, demands judgment against the defendant,

omissions, the plaintiff, DONNA DREW, sustained injuries of a personal and pecuniary nature.

WHEREFORE, the plaintiff, DONNA DREW, demands judgment against the defendant, TUTOGEN MEDICAL INC., in an amount in excess of the jurisdictional limits of this court, plus the costs of this action.

COUNT II

NOW COMES, the Plaintiff, DONNA DREW, by her attorneys, NEVILLE & MAHONEY, and McNAMARA & AUSTIN, P.C., and complaining of the Defendant, TUTOGEN MEDICAL INC., states as follows:

1.    On and before January 9, 2006, defendant, TUTOGEN MEDICAL INC, was a foreign corporation with its principal place of business located in Alachua, Florida.

2.    On and prior to the aforesaid date, TUTOGEN MEDICAL INC., was duly registered and licensed to do business in the County of Cook, State of Illinois, and was engaged in the business of manufacturing and selling  biological implant products and did manufacture and sell certain Bone Allograft products, in the County of Cook, State of Illinois.

3.    On and prior to the aforesaid date, DONNA DREW, was a patient of the University of Illinois at Chicago under the care of Dr. Paul Jang who performed various dental implant procedures utilizing the aforementioned Bone Allograft products.

4.    On January 9, 2006, a correspondence directed to plaintiff, DONNA DREW, from the University of Illinois advised plaintiff, DONNA DREW, that the aforementioned Bone Allograft products had been recalled, and that plaintiff, DONNA DREW, should undergo medical testing regarding the Bone Allograft products that had been implanted in her.

5.    Thereafter plaintiff, DONNA DREW, underwent medical testing which resulted

in a diagnosis of hepatitis C.

6.    On and before the aforesaid date, defendant, TUTOGEN MEDICAL INC., had a duty to exercise due care in the design, testing, manufacturing, marketing, distributing and selling the Bone Allograft Products so that they would be reasonably safe for their intended use.

7.    Defendant knew or had reason to know that plaintiff, DONNA DREW, as a member of the general public, as well as her treating physicians, for whose use the Bone Allograft products were placed into interstate commerce, would be likely to use the Bone Allograft products in the manner described in this Complaint.

8.    Defendant knew or reasonably should have known of the danger associated with the manner and circumstances of plaintiff, DONNA DREW, and her treating physicians foreseeable use of the Bone Allograft products which danger would be obvious to the general public.

9.    That notwithstanding the aforesaid duty, defendant TUTOGEN MEDICAL INC., negligently and carelessly committed one or more of the following acts or omissions.

a)    negligently and carelessly failed to adequately and sufficiently warn and instruct plaintiff of the nature and type of aforesaid defective condition;

b)    negligently and carelessly designed the Bone Allograft products such that there was an unreasonably high propensity for contamination;

c)    negligently and carelessly failed to test the Bone Allograft products such that there was an unreasonably high propensity for contamination;

d)    otherwise negligently and carelessly designed the Bone Allograft products.

10.    As a direct and proximate result of one or more of the aforesaid wrongful acts or

omissions, the plaintiff, DONNA DREW, sustained injuries of a personal and pecuniary nature.

WHEREFORE, the plaintiff, DONNA DREW, demands judgment against the defendant, TUTOGEN MEDICAL INC., in an amount in excess of the jurisdictional limits of this court, plus the costs of this action.

<u>COUNT III</u>

NOW COMES, the Plaintiff, DONNA DREW, by her attorneys, NEVILLE & MAHONEY, and McNAMARA & AUSTIN, P.C., and complaining of the Defendant, BIOMEDICAL TISSUE SERVICES, LTD., states as follows:

1.     On and before January 9, 2006, defendant, BIOMEDICAL TISSUE SERVICES, LTD., was a foreign corporation with its principal place of business located in Fort Lee, New Jersey.

2.     On and prior to the aforesaid date, BIOMEDICAL TISSUE SERVICES, LTD., was duly registered and licensed to do business in the County of Cook, State of Illinois, and was engaged in the business of manufacturing and selling biological implant products and did manufacture and sell certain Bone Allograft products, in the County of Cook, State of Illinois.

3.     On and prior to the aforesaid date, DONNA DREW, was a patient of the University of Illinois at Chicago under the care of Dr. Paul Jang who performed various dental implant procedures utilizing the aforementioned Bone Allograft products.

4.     On January 9, 2006, a correspondence directed to plaintiff, DONNA DREW, from the University of Illinois advised plaintiff, DONNA DREW, that the aforementioned Bone Allograft products had been recalled, and that plaintiff, DONNA DREW, should undergo

medical testing regarding the Bone Allograft products that had been implanted in her.

5.      Thereafter plaintiff, DONNA DREW, underwent medical testing which resulted in a diagnosis of hepatitis C.

6.      On and before the aforesaid date, defendant, BIOMEDICAL TISSUE SERVICES, LTD., had a duty to design, manufacture, distribute and sell the Bone Allograft products so that they were neither defective, nor unreasonably dangerous when put to the use for which they were designed, manufactured, distributed and sold.

7.      At the time the Bone Allograft products left the possession of defendant, BIOMEDICAL TISSUE SERVICES, LTD., and at the time the Bone Allograft products entered the stream of commerce, the Bone Allograft products were in an unreasonably dangerous and defective condition.  These defects included, but were not limited to one or more of the following:

    a)      failed to include adequate and sufficient instructions and warnings to foreseeable users including the plaintiff, that said Bone Allograft products could be contaminated;

    b)      inadequate design and manufacture of the Bone Allograft products so as to allow the product to become contaminated;

    c)      inadequate testing of the Bone Allograft products so as to insure the products were not contaminated.

8.      As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions, the plaintiff, DONNA DREW, sustained injuries of a personal and pecuniary nature.

    WHEREFORE, the plaintiff, DONNA DREW, demands judgment against the defendant,

BIOMEDICAL TISSUE SERVICES, LTD., in an amount in excess of the jurisdictional limits of this court, plus the costs of this action.

## COUNT IV

NOW COMES, the Plaintiff, DONNA DREW, by her attorneys, NEVILLE & MAHONEY, and McNAMARA & AUSTIN, P.C., and complaining of the Defendant, BIOMEDICAL TISSUE SERVICES, LTD., states as follows:

1.      On and before January 9, 2006, defendant, BIOMEDICAL TISSUE SERVICES, LTD., was a foreign corporation with its principal place of business located in Fort Lee, New Jersey.

2.      On and prior to the aforesaid date, BIOMEDICAL TISSUE SERVICES, LTD., was duly registered and licensed to do business in the County of Cook, State of Illinois, and was engaged in the business of manufacturing and selling biological implant products and did manufacture and sell certain Bone Allograft products, in the County of Cook, State of Illinois.

3.      On and prior to the aforesaid date, DONNA DREW, was a patient of the University of Illinois at Chicago under the care of Dr. Paul Jang who performed various dental implant procedures utilizing the aforementioned Bone Allograft products.

4.      On January 9, 2006, a correspondence directed to plaintiff, DONNA DREW, from the University of Illinois advised plaintiff, DONNA DREW, that the aforementioned Bone Allograft products had been recalled, and that plaintiff, DONNA DREW, should undergo medical testing regarding the Bone Allograft products that had been implanted in her.

5.      Thereafter plaintiff, DONNA DREW, underwent medical testing which resulted

in a diagnosis of hepatitis C.

6.    On and before the aforesaid date, defendant, BIOMEDICAL TISSUE SERVICES, LTD., had a duty to exercise due care in the design, testing, manufacturing, marketing, distributing and selling the Bone Allograft Products so that they would be reasonably safe for their intended use.

7.    Defendant knew or had reason to know that plaintiff, DONNA DREW, as a member of the general public, as well as her treating physicians, for whose use the Bone Allograft products were placed into interstate commerce, would be likely to use the Bone Allograft products in the manner described in this Complaint.

8.    Defendant knew or reasonably should have known of the danger associated with the manner and circumstances of plaintiff, DONNA DREW, and her treating physicians foreseeable use of the Bone Allograft products which danger would be obvious to the general public.

9.    That notwithstanding the aforesaid duty, defendant BIOMEDICAL TISSUE SERVICES, LTD., negligently and carelessly committed one or more of the following acts or omissions.

   a)    negligently and carelessly failed to adequately and sufficiently warn and instruct plaintiff of the nature and type of aforesaid defective condition;

   b)    negligently and carelessly designed the Bone Allograft products such that there was an unreasonably high propensity for contamination;

   c)    negligently and carelessly failed to test the Bone Allograft products such that there was an unreasonably high propensity for contamination;

   d)    otherwise negligently and carelessly designed the Bone Allograft products.

10.    As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions, the plaintiff, DONNA DREW, sustained injuries of a personal and pecuniary nature.

WHEREFORE, the plaintiff, DONNA DREW, demands judgment against the defendant, BIOMEDICAL TISSUE SERVICES, LTD., in an amount in excess of the jurisdictional limits of this court, plus the costs of this action.

<u>COUNT V</u>

NOW COMES, the Plaintiff, DONNA DREW, by her attorneys, NEVILLE & MAHONEY, and McNAMARA & AUSTIN, P.C., and complaining of the Defendant, ZIMMER DENTAL, INC., states as follows:

1.    On and before January 9, 2006, defendant, ZIMMER DENTAL, INC., was a foreign corporation with its principal place of business located in Carlsbad, California.

2.    On and prior to the aforesaid date, ZIMMER DENTAL, INC., was duly registered and licensed to do business in the County of Cook, State of Illinois, and was engaged in the business of manufacturing, marketing and selling biological implant products and did manufacture, market and sell certain Bone Allograft products, in the County of Cook, State of Illinois.

3.    On and prior to the aforesaid date, DONNA DREW, was a patient of the University of Illinois at Chicago under the care of Dr. Paul Jang who performed various dental implant procedures utilizing the aforementioned Bone Allograft products.

4.    On January 9, 2006, a correspondence directed to plaintiff, DONNA DREW, from the University of Illinois advised plaintiff, DONNA DREW, that the aforementioned Bone

Allograft products had been recalled, and that plaintiff, DONNA DREW, should undergo

medical testing regarding the Bone Allograft products that had been implanted in her.

5.     Thereafter plaintiff, DONNA DREW, underwent medical testing which resulted

in a diagnosis of hepatitis C.

6.     On and before the aforesaid date, defendant, ZIMMER DENTAL, INC., had a

duty to design, manufacture, market, distribute and sell the Bone Allograft products so that they

were neither defective, nor unreasonably dangerous when put to the use for which they were

designed, manufactured, distributed and sold.

7.     At the time the Bone Allograft products left the possession of defendant,

ZIMMER DENTAL, INC., and at the time the Bone Allograft products entered the stream of

commerce, the Bone Allograft products were in an unreasonably dangerous and defective

condition.  These defects included, but were not limited to one or more of the following:

a)     failed to include adequate and sufficient instructions and warnings to foreseeable

users including the plaintiff, that said Bone Allograft products could be

contaminated;

b)     inadequate design and manufacture of the Bone Allograft products so as to allow

the product to become contaminated;

c)     inadequate testing of the Bone Allograft products so as to insure the products were

not contaminated.

8.     As a direct and proximate result of one or more of the aforesaid wrongful acts or

omissions, the plaintiff, DONNA DREW, sustained injuries of a personal and pecuniary nature.

WHEREFORE, the plaintiff, DONNA DREW, demands judgment against the defendant,

ZIMMER DENTAL, INC., in an amount in excess of the jurisdictional limits of this court, plus the costs of this action.

## COUNT VI

NOW COMES, the Plaintiff, DONNA DREW, by her attorneys, NEVILLE & MAHONEY, and McNAMARA & AUSTIN, P.C., and complaining of the Defendant, ZIMMER DENTAL, INC., states as follows:

1.  On and before January 9, 2006, defendant, ZIMMER DENTAL, INC., was a foreign corporation with its principal place of business located in Carlsbad, California.

2.  On and prior to the aforesaid date, ZIMMER DENTAL, INC., was duly registered and licensed to do business in the County of Cook, State of Illinois, and was engaged in the business of manufacturing, marketing and selling biological implant products and did manufacture and sell certain Bone Allograft products, in the County of Cook, State of Illinois.

3.  On and prior to the aforesaid date, DONNA DREW, was a patient of the University of Illinois at Chicago under the care of Dr. Paul Jang who performed various dental implant procedures utilizing the aforementioned Bone Allograft products.

4.  On January 9, 2006, a correspondence directed to plaintiff, DONNA DREW, from the University of Illinois advised plaintiff, DONNA DREW, that the aforementioned Bone Allograft products had been recalled, and that plaintiff, DONNA DREW, should undergo medical testing regarding the Bone Allograft products that had been implanted in her.

5.  Thereafter plaintiff, DONNA DREW, underwent medical testing which resulted in a diagnosis of hepatitis C.

6.  On and before the aforesaid date, defendant, ZIMMER DENTAL, INC., had a

duty to exercise due care in the design, testing, manufacturing, marketing, distributing and selling the Bone Allograft Products so that they would be reasonably safe for their intended use.

7.    Defendant knew or had reason to know that plaintiff, DONNA DREW, as a member of the general public, as well as her treating physicians, for whose use the Bone Allograft products were placed into interstate commerce, would be likely to use the Bone Allograft products in the manner described in this Complaint.

8.    Defendant knew or reasonably should have known of the danger associated with the manner and circumstances of plaintiff, DONNA DREW, and her treating physicians foreseeable use of the Bone Allograft products which danger would be obvious to the general public.

9.    That notwithstanding the aforesaid duty, defendant ZIMMER DENTAL, INC., negligently and carelessly committed one or more of the following acts or omissions.

a)    negligently and carelessly failed to adequately and sufficiently warn and instruct plaintiff of the nature and type of aforesaid defective condition;

b)    negligently and carelessly designed and marketed the Bone Allograft products such that there was an unreasonably high propensity for contamination;

c)    negligently and carelessly failed to test the Bone Allograft products such that there was an unreasonably high propensity for contamination;

d)    otherwise negligently and carelessly designed, sold and marketed the Bone Allograft products.

10.    As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions, the plaintiff, DONNA DREW, sustained injuries of a personal and pecuniary nature.

WHEREFORE, the plaintiff, DONNA DREW, demands judgment against the defendant, ZIMMER DENTAL, INC., in an amount in excess of the jurisdictional limits of this court, plus the costs of this action.

## COUNT VII

NOW COMES, the Plaintiff, DONNA DREW, by her attorneys, NEVILLE & MAHONEY, and McNAMARA & AUSTIN, P.C., and complaining of the Defendant, APPTEC, INC., states as follows:

1.     On and before January 9, 2006, defendant, APPTEC, INC., was a foreign corporation with its principal place of business located in St. Paul, Minnesota.

2.     On and prior to the aforesaid date, APPTEC, INC., was duly registered and licensed to do business in the County of Cook, State of Illinois, and was engaged in the business of testing biological implant products and did test certain Bone Allograft products, that were sold and distributed in the County of Cook, State of Illinois.

3.     On and prior to the aforesaid date, DONNA DREW, was a patient of the University of Illinois at Chicago under the care of Dr. Paul Jang who performed various dental implant procedures utilizing the aforementioned Bone Allograft products.

4.     On January 9, 2006, a correspondence directed to plaintiff, DONNA DREW, from the University of Illinois advised plaintiff, DONNA DREW, that the aforementioned Bone Allograft products had been recalled, and that plaintiff, DONNA DREW, should undergo medical testing regarding the Bone Allograft products that had been implanted in her.

5.     Thereafter plaintiff, DONNA DREW, underwent medical testing which resulted

APPTEC, INC., in an amount in excess of the jurisdictional limits of this court, plus the costs of

this action.

_____
One of Plaintiff's Attorneys

Neville & Mahoney
221 N. LaSalle Street Suite 2100
Chicago, IL 60601
312-236-2100

McNamara & Austin, P.C.
25 East Washington Street Suite 1501
Chicago, IL  60602
312-201-8850

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DONNA DREW, | CIVIL ACTION |
| Plaintiff, | |
| -vs- | Case No.: |
| TUTOGEN MEDICAL, INC.,<br>BIOMEDICAL TISSUE SERVICES, LTD.,<br>ZIMMER DENTAL, INC., and APPTEC, INC., | Removal of Civil Action<br>From the Circuit Court of Cook County<br>Case No. 08 L 0090<br>First District, Law Division |
| Defendants. | |

## <u>WRITTEN NOTICE TO ALL ADVERSE PARTIES AND<br>TO THE CLERK OF STATE COURT OF NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. 1446(d), TUTOGEN MEDICAL, (United States) INC., hereby gives written notice to all adverse parties of the filing of this Notice of Removal with the United States District Court for the Northern District of Illinois, Eastern Division. Furthermore, a copy of this Notice of Removal is being filed with the clerk of the Circuit Court of Cook County, pursuant to 28 U.S.C. 1446(d), which shall effect the removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: February 15, 2008          /s/ Spyridon J. Demakis
                                   Spyridon J. Demakis (ARDC: 6215959)
                                   CUNNINGHAM, MEYER & VEDRINE, P.C.
                                   111 West Washington Street, Suite 937
                                   Chicago, Illinois 60606
                                   (312) 578-0049
                                   *Local Counsel for Defendant Tutogen (United States)
                                   Medical, Inc.*



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DONNA DREW, | CIVIL ACTION |
| Plaintiff, | |
| -vs- | Case No.: |
| TUTOGEN MEDICAL, INC.,<br>BIOMEDICAL TISSUE SERVICES, LTD.,<br>ZIMMER DENTAL, INC., and APPTEC, INC., | Removal of Civil Action<br>From the Circuit Court of Cook County<br>Case No. 08 L 0090<br>First District, Law Division |
| Defendants. | |

## CONSENT FOR REMOVAL

Defendant, APPTEC, INC., on January 17, 2008, having been served with a Summons and Complaint in the subject action, by and through counsel, respectfully consents to the removal of this civil action from the Circuit Court of Cook County, First District, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: February 14, 2008

/s/

Mark Crane (Firm ID: 13681)
SEGAL MCCAMBRIDGE SINGER & MAHONEY
233 S. Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800
Attorneys for *Defendant APPTEC, INC.*



EXHIBIT
C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DONNA DREW, | CIVIL ACTION |
| Plaintiff, | |
| -vs- | Case No.: |
| TUTOGEN MEDICAL, INC., BIOMEDICAL TISSUE SERVICES, LTD., ZIMMER DENTAL, INC., and APPTEC, INC., | Removal of Civil Action From the Circuit Court of Cook County Case No. 08 L 0090 First District, Law Division |
| Defendants. | |

## CONSENT FOR REMOVAL

Defendant, ZIMMER DENTAL, INC., on January 18, 2008, having been served with a Summons and Complaint in the subject action, by and through counsel, respectfully consents to the removal of this civil action from the Circuit Court of Cook County, First District, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: February 15, 2008

J. Stephen Bennett (IL 6226615)
BAKER & DANIELS LLP
111 East Wayne Street
Fort Wayne, Indiana 46802
(260) 424-8000
Attorneys for *Defendant ZIMMER DENTAL, INC.*



EXHIBIT
D



*Dorothy Brown*

# CLERK *of the*
# CIRCUIT COURT
## *Cook County*

Case Information Summary for Case Number
2008-L-000090

Filing Date: 1/4/2008                  Case Type: PERSONAL INJURY (PRODUCT LIABILITY)
Division: Law Division                 District: First Municipal
Ad Damnum: $50000.00                   Calendar: A

### Party Information

**Plaintiff(s)**                       **Attorney(s)**
DREW DONNA                             MCNAMARA,AUSTIN P.C.
                                       25 E.WASHINGTON#1501
                                       CHICAGO IL, 60602
                                       (312) 201-8850

**Date of Service**    **Defendant(s)**              **Attorney(s)**
                       APPTEC INC

                       BIOMEDICAL TISSUE SERVI

                       TUTOGEN MEDICAL INC

                       ZIMMER DENTAL INC

### Case Activity

Activity Date: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Participant: DREW DONNA

PERSONAL INJURY (PRODUCT LIABILITY) COMPLAINT FILED

Court Fee: 294.00                      Attorney: MCNAMARA,AUSTIN P.C.
Judgment Amount: 50000.00

> **EXHIBIT**
> E

Activity ▓▓▓▓▓2/200▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Participant: DREW DONNA

CASE MANAGEMENT CALL NOTICE MAILED

Court Date: 4/30/2008
Court Time: 0930

 Participant: DELA, DONNA

## ALIAS SUMMONS ISSUED

Court Fee: 6.00                    Attorney: MCNAMARA,AUSTIN P.C.

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data
in our master database.

Return to Search Page

## EXHIBIT "F"

## INDEX OF STATE COURT FILINGS

1.     Summons and Complaint, *Drew v. Tutogen Medical, Inc., et. al.*, Case No. 2008-L-000090, filed on January 4, 2008 in the Circuit Court of Cook County, Illinois, County Department, Law Division and attached to this Notice of Removal as Exhibit "A."

