IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA DREW | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TUTOGEN MEDICAL, INC. a foreign corporation, | ) | Case No. 08-C-970 |
| BIOMEDICAL TISSUE SERVICES, LTD. a foreign | ) | |
| corporation, ZIMMER DENTAL, INC. a foreign | ) | |
| corporation  and APPTEC LABORATORY | ) | |
| SERVICES, INC. a foreign corporation. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT APPTEC LABORATORY SERVICES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant, AppTec Laboratory Services, Inc. (hereinafter "AppTec"), by and through its

attorneys, Segal McCambridge Singer & Mahoney, Ltd., Answers Plaintiff's Complaint at Law

as follows:

**COUNT I**

AppTec makes no response to the allegations in Count I, as the allegations in Count I are

not directed to AppTec.  To the extent that such allegations may be construed against AppTec,

AppTec denies the allegations.

**COUNT II**

AppTec makes no response to the allegations in Count II, as the allegations in Count II

are not directed to AppTec.  To the extent that such allegations may be construed against

AppTec, AppTec denies the allegations.

## COUNT III

AppTec makes no response to the allegations in Count III, as the allegations in Count III are not directed to AppTec.  To the extent that such allegations may be construed against AppTec, AppTec denies the allegations.

## COUNT IV

AppTec makes no response to the allegations in Count IV, as the allegations in Count IV are not directed to AppTec.  To the extent that such allegations may be construed against AppTec, AppTec denies the allegations.

## COUNT V

AppTec makes no response to the allegations in Count V, as the allegations in Count V are not directed to AppTec.  To the extent that such allegations may be construed against AppTec, AppTec denies the allegations.

## COUNT VI

AppTec makes no response to the allegations in Count VI, as the allegations in Count VI are not directed to AppTec.  To the extent that such allegations may be construed against AppTec, AppTec denies the allegations.

## COUNT VII

1.      On and before January 9, 2006, defendant, APPTEC, INC. was a foreign corporation with its principal place of business located in St. Paul, Minnesota.

**ANSWER:**   AppTec admits that on and before January 9, 2006, it was a Delaware corporation with its principal place of business in St. Paul, Minnesota.

2.      On and prior to the aforesaid date, APPTEC, INC., was duly registered and licensed to do business in the County of Cook, State of Illinois, and was engaged in the business of testing biological implant products and did test certain Bone Allograft products, that were sold and distributed in the County of Cook, State of Illinois.

**ANSWER:**    AppTec admits only that it was in the business of performing bacterial and viral testing in human tissue samples, denies that it performed bacterial or viral testing in the subject allograft, and denies the remainder of the allegations in paragraph 2.

3.      On and prior to the aforesaid date, DONNA DREW, was a patient of the University of Illinois at Chicago under the care of Dr. Paul Jang who performed various dental implant procedures utilizing the aforementioned Bone Allograft products.

**ANSWER:**    AppTec is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4.      On January 9, 2006, a correspondence directed to plaintiff, DONNA DREW, from the University of Illinois advised plaintiffs, DONNA DREW, that the aforementioned Bone Allograft products had been recalled, and that plaintiff, DONNA DREW, should undergo medical testing regarding the Bone Allograft products that had been implanted in here.

**ANSWER:**    AppTec is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

5.      Thereafter plaintiff, DONNA DREW, underwent medical testing which resulted in a diagnosis of hepatitis C.

**ANSWER:**    AppTec is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

6.      On and before the aforesaid date, defendant, APPTEC, INC., had a duty to exercise due care in the testing of the Bone Allograft Products so that they would be reasonably safe for their intended use.

**ANSWER:**    AppTec admits only those duties imposed on it by law, denies specifically that it breached any duties in this case, and denies the balance of the allegations in paragraph 6.

7.      Defendant knew or had reason to know that plaintiff, DONNA DREW, as a member of the general public, as well as her treating physicians, for whose use the Bone Allograft products were placed into interstate commerce, would be likely to use the Bone Allograft products in the manner described in this Complaint.

**ANSWER:**    AppTec denies the allegations set forth in paragraph 7.

8.      Defendant knew or reasonably should have known of the danger associated with the manner and circumstances of plaintiff, DONNA DREW, and her treating physician's foreseeable use of the Bone Allograft products which danger would be obvious to the general public.

**ANSWER:**    AppTec denies the allegations set forth in paragraph 8.

9.      That notwithstanding the aforesaid duty, defendant, APPTEC, INC., negligently and carelessly committed one or more of the following acts or omissions.

a)      negligently and carelessly failed to adequately and sufficiently warn and instruct plaintiff of the nature and type of aforesaid defective condition;

b)      negligently failed to test the Bone Allograft product for the presence of hepatitis C.

c)      negligently and carelessly tested the Bone Allograft products.

4

**ANSWER:**    AppTec denies the allegations set forth in paragraph 9, inclusive of subparagraphs (a) through (c).

10.    As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions, the plaintiff, DONNA DREW, sustained injuries of a personal and pecuniary nature.

**ANSWER:**    AppTec denies the allegations set forth in paragraph 10.

WHEREFORE, AppTec Laboratory Services, Inc. denies that Plaintiff is entitled to damages in any amount whatsoever, and demands judgment in its favor.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitations.

Defendant reserves the right to interpose further defenses to which it may be entitled as revealed by further proceedings.

WHEREFORE, AppTec Laboratory Services, Inc. denies that Plaintiff is entitled to damages in any amount whatsoever, and demands judgment in its favor.

Respectfully submitted,

By: /s/ P. Mark Crane
        P. Mark Crane, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
233 S. Wacker Drive – Suite 5500
Chicago, Illinois  60606
(312) 645-7800
*One of the Attorneys for Defendant, AppTec*
*Laboratory Services, Inc.*

**#937352.1**

5